IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DARION DION FREDERICK,** *Plaintiff* § § § | |
| v. § | A-23-CV-1497-RP-SH |
| § § | |
| **AND COMPANY,** *Defendant* § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**  THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed December 11, 2023.[1] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is

---

[1] Plaintiff has filed a Motion for *In Forma Pauperis* in another case pending before the Honorable Dustin M. Howell. *See Frederick v. Artificial Intelligence Fields*, 1:23-cv-01149-DII-DH (W.D. Tex. Sept. 25, 2023).

1

further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

## II.     Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are

so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff invokes this Court's federal question jurisdiction but alleges no intelligible claims against Defendant "And Company." Plaintiff states that his claim is: "How to make an Alien." Dkt. 1 at 4. He seeks nonillion dollars in monetary damages and an "[a]lien." *Id*.

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. As the party asserting federal jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Sureshot Golf Ventures, Inc. v. Topgolf Int'l., Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018). Plaintiff has failed to allege a cognizable claim that this Court would have jurisdiction to adjudicate.

In addition, Plaintiff's claims are "so insubstantial, implausible, or otherwise completely devoid of merit" that the Court lacks federal jurisdiction to entertain them. *Atakapa Indian de Creole Nation*, 943 F.3d at 1006. Accordingly, Plaintiff's lawsuit should be dismissed as frivolous.

### III.   ORDER

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2).

## IV.  RECOMMENDATION

Based on the foregoing, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Darion Dion Frederick's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 10, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE